UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TOMMY LEE CURRY,

        Plaintiff,                  Case No. 1:10-cv-1226

v.                                             Honorable Janet T. Neff

RICHARD E. HILLARY et al.,

        Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis* and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on the grounds of immunity and for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff presently is incarcerated at the Parnall Correctional Facility. Plaintiff pleaded guilty in Kent County Circuit Court to first-degree criminal sexual conduct (person under 13 years old), MICH. COMP. LAWS § 750.520b(1)(A). In 1996, Plaintiff was sentenced to a prison term of fifteen to sixty years.[1] In his *pro se* complaint, Plaintiff sues attorneys Richard E. Hillary, Damian D. Nunzio, Judith A. Raskiewicz and Lyle Marshall, and Kent County Prosecutor Helen Brinkman.

Plaintiff makes several allegations regarding his conviction in his complaint. Plaintiff first complains that he was not informed of or present for his arraignment on September 19, 1995 and March 27, 1996. Plaintiff also argues that he never received a bond hearing. Rather, a "forged document," dated September 20, 1995, was placed in his file regarding a bond hearing. (Compl., Page ID #3, docket #1.) Plaintiff further states that the trial court never held a hearing to determine his competency despite having three orders for a mental health evaluation and being diagnosed with a schizoaffective disorder and an antisocial personality disorder.

Plaintiff provides the following allegations regarding his plea bargain (verbatim):

> I received a illegal plea bargain that dismissed charges I could not have been legally charged in exchange for a plea of guilty, the charge of 4th felony habitual offender was dismissed, I could not have been legally charged as a 4th felony habitual offender, I only had two prior felonies on my record, also a second charge of CSC 1st was dismissed, I could not have been legally charged with the second CSC 1st charge because the evidence did not substantiate the charge, nor could the state proceed in a plea bargain until my competency had been determined.

(Compl., Page ID #4, docket #1.)

---

[1] The Court obtained information regarding Plaintiff's convictions and sentences from the MDOC Offender Tracking Information System website at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=180428.

Finally, Plaintiff claims that his appellate counsel, Lyle Marshall, did not investigate the trial court record regarding the timing of his arraignment. "On direct appeal[][,] counsel [did] not investigate the record or question the record that showed a[n] arraignment [and] then six months later a waiver of arraignment." (*Id.*)

For relief, Plaintiff requests damages, the appointment of counsel and the Court "to relieve [Plaintiff] of [his] conviction and restore liberty." (*Id.,* Page ID #5.)

II.  Immunity

Plaintiff sues Kent County Prosecutor Helen Brinkman. The prosecutor is entitled to absolute immunity for her actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role

of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, negotiating a plea deal is part of the prosecutor's role as an advocate. Accordingly, the Kent County Prosecutor is entitled to immunity.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. *Heck* Bar

Plaintiff challenges his incarceration by the State of Michigan in his complaint. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing

defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

B.  **Attorneys**

Plaintiff sues attorneys Richard E. Hillary, Damian D. Nunzio, Judith A. Raskiewicz and Lyle Marshall. Plaintiff claims that he received representation in the trial court from attorneys Hillary, Nunzio and Raskiewicz although those attorneys were never officially assigned to him. Plaintiff also complains that he was denied the effective assistance of appellate counsel when Marshall represented him on his direct appeals. Plaintiff cannot show that any of the attorneys acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. Once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. Even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Bomer v, Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003); *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000);

*Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000). Accordingly, attorneys Richard E. Hillary, Damian D. Nunzio, Judith A. Raskiewicz and Lyle Marshall did not act under color of state law, and no claim under § 1983 can be maintained against them.

To the extent that Plaintiff asserts a claim of legal malpractice, his claim arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

### C. Pending Motions

Because Plaintiff asks for the appointment of counsel in his request for relief (docket #1), this Court construes Plaintiff's request as a motion for the appointment of counsel. Plaintiff also filed a motion for relief from judgment (docket #8) with this Court. Plaintiff's motion provides the same arguments about his first-degree criminal sexual conduct conviction as in his complaint. In light of this Court's determination that Plaintiff's action will be dismissed on the grounds of immunity and for failure to state a claim, his pending motions are now moot.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on the grounds of immunity and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's pending motions (docket ##1, 8) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.


Dated: May 18, 2011          /s/ Janet T. Neff
                             Janet T. Neff
                             United States District Judge